UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN FISHER, *et al.*,

    Plaintiffs,

v.

    Case No. 23-cv-10426
    Hon. Matthew F. Leitman

FCA US LLC,

    Defendant.

_____/

### ORDER (1) DISMISSING PLAINTIFFS' EXPRESS WARRANTY CLAIMS AND UCL CLAIM IN PART WITH PREJUDICE AND (2) TERMINATING DEFENDANT'S MOTION TO COMPEL ARBITRATION (ECF No. 23) WITHOUT PREJUDICE

In this putative class action, Plaintiffs allege that their FCA vehicles suffer from a defect that causes the vehicles' engines to turn off, their transmissions to shift to "Park," and/or their emergency brakes to engage unexpectedly. (*See* First Am. Compl., ECF No. 20.) On July 21, 2023, Defendant FCA US LLC moved to compel Plaintiffs to arbitrate their claims. (*See* Mot., ECF No. 23.)

FCA's motion to compel arbitration was premised on two grounds. First, FCA argued that Plaintiffs assented to arbitrate their claims by agreeing to an arbitration provision that was included in the express warranty provided to each Plaintiff. Second, FCA argued that even if Plaintiffs had not actually agreed to the arbitration provision in the express warranty, they were estopped from denying the

1

enforceability of the arbitration provision because they were asserting claims under the warranty.  FCA insisted that Plaintiffs could not seek to enforce some provisions of the express warranty against FCA while avoiding enforcement of other provisions of the same warranty such as the arbitration provision.

The Court held a hearing on FCA's motion to compel arbitration on December 12, 2023.  During the motion hearing, Plaintiffs stipulated to the dismissal with prejudice of their express warranty claims and their claim under California's Unfair Competition Law (the "UCL") to the extent that that claim was based on a breach of FCA's express warranty.  That dismissal mooted the portion of FCA's motion based on estoppel.

In addition, at the hearing, FCA agreed to withdraw without prejudice the portion of its motion in which it sought to compel arbitration on the ground that Plaintiffs agreed to the arbitration provision in the warranty.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' express warranty claims (Counts III, VII, VIII, XV, XIX, XXIII, XXVII, XXXIII, XXXVI, and XXXIX of the First Amended Complaint) are **DISMISSED WITH PREJUDICE**. In addition, the portion of Plaintiffs' UCL Claim (Count VI of the First Amended Complaint) based on the alleged breach of FCA's express warranty is also **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that FCA's motion to compel arbitration (ECF No. 23) is **TERMINATED WITHOUT PREJUDICE**. Nothing in this order precludes FCA from seeking to compel arbitration following discovery based on Plaintiffs' actual assent to arbitration.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: December 13, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 13, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126