## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

BRIAN FISHER, et al.,

       Plaintiffs,

v.

FCA US LLC,

       Defendant.

Case No. 23-cv-10426
Hon. Matthew F. Leitman

_____/

## <u>PROTECTIVE ORDER</u>

On June 13, 2024, the Court held an on-the-record status conference in this action.  For the reasons explained on the record during the status conference, the parties' joint motion for entry of a protective order (ECF No. 43) is **GRANTED** as follows:

The parties have stipulated to and asked the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Protective Order is subject to the requirements and limitations of the Local Rules of the Eastern District of Michigan, including E.D. Mich. LR 5.3, which sets forth the procedures that must be followed when a party seeks permission from the Court to file material under seal.

FCA US asserts that discovery in this case may involve the production of trade secrets or other confidential research, development, commercial, financial, technical and/or proprietary commercial information. Such confidential and proprietary

materials and information consists of, among other things, confidential business, engineering, or financial information; information regarding confidential business practices or other confidential research, development, or commercial information (including information implicating the privacy rights of third parties); and information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. For these and other reasons, FCA US believes that the parties have a specific, serious, and substantial interest in protecting any confidential and proprietary information in the Discovery Material exchanged in this matter.

Accordingly, the purpose of this Protective Order is to safeguard the production of Discovery Material that is confidential, commercially sensitive, proprietary, or privileged, as well as facilitate the prompt resolution of disputes over confidentiality and privilege, pursuant to the Court's inherent authority, its authority under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d), and the judicial opinions interpreting such Rules.

1.     As used in this Order, the term "Discovery Material" means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible

things), that are produced or generated in disclosures or responses to discovery in this matter.

2.      A party producing Discovery Material (the "Producing Party") may designate the Discovery Material as "Confidential" if the Producing Party believes in good faith that the designation is appropriate because the material contains or reflects: (a) information prohibited from disclosure by statute or other law; (b) information that reveals trade secrets; (c) proprietary research, technical, commercial, or financial information; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms); or (g) personnel or employment records.

3.      All Discovery Material produced by the Parties or third parties in this case and labeled "Confidential" ("Protected Document(s)") shall be used only in this proceeding. Protected Documents and the information contained therein shall be used, shown, or disclosed only as provided in this Order and must not be disclosed to any person except in accordance with this Order and shall be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals, and not for any business, personal, or other purpose whatsoever. A party receiving Protected Documents must (a) maintain such information in confidence using the same degree of care that it would use in safeguarding its own confidential or proprietary information and/or that of its employer(s), but in no event less than a

reasonable degree of care, (b) use such confidential and proprietary information only for the purposes described herein, and (c) prevent the disclosure of such documents or information to third parties subject to the provisions and exceptions of this Order.

4.     The Producing Party that designates information or items for protection under this Protective Order must act in good faith in designating the Discovery Material. Mass or indiscriminate designations are prohibited.

5.     Discovery Material may be designated for production as provided in the protocol governing the production of documents and electronically stored information or as the parties may otherwise agree or the Court may otherwise order.

6.     The Receiving Party shall not be obligated to challenge the propriety of any "Confidential" designation when the designation is made. If any Party believes in good faith at any time that any Protected Documents have been misclassified under this Protective Order, are not properly subject to the confidentiality designation assigned to them, or should not be subject to this Protective Order, that Party must notify the designating Party and Producing Party in writing, including email, and identify the documents with specificity, including by Bates number where available, and provide the specific grounds for the objection to the designation. The Parties shall attempt to resolve each challenge in good faith and must confer directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 14 business days of the date of service of the written notice. In conferring, the Party

challenging the designation must explain the basis for its, his, or her belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider circumstances; if no change in designation is offered, the Producing Party must explain the basis for the chosen designation. If the Parties are unable to resolve the issue of confidentiality regarding the challenged document(s) within 30 business days of receiving notice of the objection to the confidentiality designation, any Party may move for a determination as to whether the challenged designation is appropriate. The challenged document(s) will continue to be treated as designated pending determination by the Court as to the confidential status. The Party seeking to designate the document(s) as "CONFIDENTIAL" shall have the burden to establish that the document(s) qualify as "CONFIDENTIAL." Each Party reserves the right to challenge a confidentiality designation for purposes of determining whether a Protected Document should be filed under seal, even if such designation meets the definition of Protected Documents under this Protective Order.

7.     Discovery Material designated "CONFIDENTIAL" shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

a.     FCA US's in-house attorneys working on this matter, including those working under their supervision and direction.

b.      Any individual Party, or, in the case of a Party that is not a natural person, any officers, directors, and employees who are involved in the discovery proceedings or preparation of this litigation for trial.

c.      The Parties' outside counsel, including their partners, members, associates, attorneys, and paralegals, or their investigative, technical, secretarial, and clerical personnel assisting them in this litigation.

d.      Professional vendors and other persons providing litigation support services to any Party to this litigation or its counsel, including translators, photocopying, data processing and hosting, document review, graphic production, jury research, or trial preparation services.

e.      Experts and non-attorney consultants retained by the Parties to assist in the prosecution or defense of claims asserted in this case, provided that no disclosure shall be made to any expert or consultant who is currently employed or retained by a competitor of the Producing Party. For experts or consultants who are employed by a Competitor of FCA US, Protected Documents may be disclosed only after counsel for FCA US are given at least twenty days prior written notice of their identity, along with their curriculum vitae. If, within ten days after receiving such notice, FCA US objects to the disclosure, no disclosure may occur until the objection is resolved. "Competitor" for purposes of this section means other automotive manufacturers and direct suppliers.

f.      The Court and the Court's staff, including special masters, court reporters, translators, videographers, and the jury in this case.

g.      The authors, recipients (not including a person who received the document in the litigation), or present and former custodians of the documents.

h.      A deponent or testifying witness, former employee of a Party, or other potential deponent or witness who, in counsel's good faith belief, is already familiar with or reasonably expected to know the information reflected in the Discovery Material, as demonstrated by the fact that: (i) he or she was identified in the course of discovery as having previously received or having knowledge of (a) that designated material, (b) information contained in it, or, (c) in the case of material concerning a meeting, telephone call, or other communication, as having participated in such meeting, call, or communication; or (ii) the Discovery Material makes specific reference to the conduct or statement of the deponent or testifying witness. Further, such Protected Documents may be shown to the persons described in this subsection only for a reasonable length of time sufficient to determine whether the person is familiar with, has previously seen, or has knowledge of the underlying information contained in the Protected Document. In addition, such persons may not retain copies of Protected Documents unless permitted by other provisions of this Protective Order.

i.      Court reporters or videographers engaged in this matter.

j.      Any mediator or settlement officer, and their supporting staff, mutually agreed upon by any of the parties engaged in settlement discussions or appointed by the Court.

k.      Other persons by written consent of the Producing Party or upon order of the Court and on such conditions as may be agreed or ordered.

8.      Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 7(e), (h), and (k) above shall be provided with a copy of this Protective Order, which they shall read, and, upon reading this Protective Order, shall execute an "Agreement to be Bound" in the form attached hereto as Attachment A.

9.      Counsel for the Parties shall retain each such executed "Agreement to be Bound" and a list of the Protected Documents disclosed to each actual or potential witness who signed the Agreement and was shown Protected Documents outside of a deposition or in-court testimony. After the termination of this litigation (including appeals), the Receiving Party shall produce to the Producing Party a list of the Protected Documents disclosed to each non-testifying witness or consulting expert outside of a deposition or in-court testimony, organized by Bates number, and listing the non-testifying witnesses and consulting experts to whom each Protected Document has been disclosed outside of a deposition or in-court testimony.

10.    Any Party or non-party who produces documents pursuant to a subpoena may designate documents or information exchanged, whether in response to formal or informal requests, as "Confidential" by: (a) including a statement that such information is "Confidential" in the answer or response; or (b) designating such information as "Confidential" thereafter as provided in this Protective Order. A legend of "Confidential" shall also be included on each page of a document over which confidentiality is claimed. A non-party's "Confidential" designation under this Order shall have the same force and effect, and create the same duties, obligations, and remedies as if made by one of the parties hereto.

11.    As the Protected Documents may be distributed only to Qualified Persons solely for purposes of this litigation, Qualified Persons may not post Protected Documents or the information contained therein on any public website and shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the information contained therein or the fact that such persons have obtained a Party's Protected Documents and Confidential Information. Qualified Persons may not use Protected Documents or the information contained therein for any business, personal, or other purpose whatsoever.

12.    To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the

deposition testimony dealing with, referring to or referencing the Protected Documents or information. Nothing contained herein is intended to prevent any Party from using Protected Documents or information at a hearing or trial in this matter.

13.     No party shall oppose redacting and/or sealing Confidential material in Court filings if such material is not specifically cited or directly relied on, in good faith, in the corresponding filing or proceeding.

14.     A Producing Party may produce records in this litigation that contain Personally Identifying Information ("PII") of certain individuals. While a Producing Party may redact PII, redacting certain PII may be unduly burdensome, and thus such Party may choose to not redact PII in all documents produced subject to applicable law or regulation. The Parties agree that any PII contained in documents produced in this litigation shall be treated as "Confidential" pursuant to the terms of this Order. Nothing in this paragraph shall be construed as a waiver by the Parties of their position that the Parties are entitled to redact PII.

15.     The Producing Party shall preserve an unredacted version of any document that it redacts. The process for challenging the designation of redactions shall be the same as the process for challenging the designation of Protected Material set forth in Paragraph 6. If counsel for the Producing Party agrees that information initially redacted should not be redacted or should receive alternative treatment, or

if the Court orders the same, and the material is subsequently produced in unredacted form, all affected pages shall bear the legend applicable to the confidentiality designation made by the Producing Party and shall continue to be treated in accordance with that confidentiality designation.

16.     **Filing Protected Material.** All documents or testimony that are filed with the Court that contain any portion of any Protected Documents or Protected Information shall be filed under seal pursuant to Local Civil Rule 5.3.

17.     This Order does not authorize the filing of any documents under seal. Documents may be sealed only if authorized by statute, rule, or order of the Court. A party seeking to file under seal any paper or other matter shall follow the procedures set forth in E.D. Mich. LR 5.3. No party shall file or otherwise tender to the Clerk any item proposed for sealing unless the Court has entered an order allowing filing under seal.

18.     **Filing Procedures.** Any Party that anticipates filing material that has been designated as "Confidential," other than the Designating Party, must provide reasonable notice to the Designating Party of the proposed filing, not less than five business days prior to the date of the anticipated filing, so that the Designating Party will have time, if it so desires, to prepare and file a motion for leave to file the material in question under seal, along with any supporting submissions such as a declaration concerning the material in question. The Parties shall also comply with

E.D. Mich. LR 7.1(a)(1)'s meet-and-confer requirement in connection with any anticipated motion for an order authorizing the filing of the Confidential Information under seal in a good faith attempt to reach an agreement regarding whether the Confidential Information should be filed under seal. If an agreement is reached, then the Parties may file a joint motion or seek leave to file under seal in conformance with E.D. Mich. LR 5.3. If an agreement is not reached, then the Designating Party may file a motion pursuant to E.D. Mich. LR 5.3. If a motion for leave to file under seal is filed but not ruled upon by the Court before the intended filing date, the receiving party may proceed with the planned filing but, pursuant to E.D. Mich. LR 5.3(b)(3)(B), must exclude or redact any "Confidential" information or documents from the public filing pending a ruling on the motion for leave to file under seal.

19.    Judge's courtesy copies of any Protected Documents filed under seal in accordance with Local Rule 5.3 shall be submitted in accordance with Local Rule 83.31(a)(3)(B). No protected documents, or any part thereof, may be included in such caption page nor otherwise be revealed on the outside of the envelope. Subject to Paragraph 13, if a Party believes that Discovery Material designated as "Confidential" cannot or should not be sealed pursuant to the protocols and rules in this Court, the objecting Party may file a response in opposition to any motion to seal.

20.    In the case of depositions or other pre-trial testimony, designation of the pages and lines of the transcript (including exhibits) which contains "CONFIDENTIAL" material shall be made (a) by a statement to such effect on the record during the proceeding in which the testimony is received, or (b) by written notice served on counsel of record in this litigation within 30 calendar days after the receipt of the final transcript of such proceeding (as used herein, the term "draft transcript" does not include an ASCII or rough transcript). However, before such 30-day period expires, all testimony, exhibits, and transcripts of depositions or other testimony shall be treated as "CONFIDENTIAL" material. All portions of deposition transcripts not designated "CONFIDENTIAL" shall be deemed not confidential unless the testimony contains PII. Portions of deposition transcripts containing PII shall automatically be deemed as "CONFIDENTIAL" without designation.

21.    The inadvertent production of documents or information containing Confidential Information that should have been designated as Protected Document(s) shall not be deemed a waiver in whole or in part of the Producing Party's claims of confidentiality. In the event that a Party produces a document without a confidentiality designation as permitted by this Order, the Producing Party may still designate the documents or information as "Confidential." Upon timely correction of a designation, the Receiving Party must make reasonable efforts ensure

that the material is treated in accordance with the provisions of this Order. The Party receiving such notice shall promptly certify destruction of the improperly designated document, including all copies thereof. The production of such document does not constitute a waiver of any claim of confidentiality as set forth in this order or any other matter in any other jurisdiction, unless the Court otherwise orders.

22.    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must promptly notify in writing the Designating Party. Such notification shall: (a) include a copy of the subpoena or court order; (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

23. This Protective Order is entered pursuant to and invokes the protections of Federal Rule of Evidence 502(d).

24. The Parties may disclose and produce responsive Discovery Material to each other in this litigation and seek to do so without risking waiver of any attorney-client privilege, work product, or other applicable privilege or protection. As such, the Parties will adhere to the following procedures with regard to the production of privileged or protected material, should that occur:

a. Pursuant to Fed. R. Evid. 502, the inadvertent production of Discovery Material (including both paper documents and electronically stored information or "ESI") subject to protection by the attorney-client and/or work product doctrine or by another legal privilege protecting information from discovery, shall not constitute a waiver of, or estoppel as to, any privilege or other protection, provided that the Producing Party reasonably notifies the Receiving Party, in writing, of the production after its discovery of the same as provided in Fed. R. Evid. 502.

b. If the Producing Party notifies the Receiving Party after discovery that privileged materials ("Identified Materials") have inadvertently been disclosed, the Identified Materials and all copies of those materials shall be returned to the Producing Party or destroyed or deleted, on request of the Producing Party. Upon receiving such a request, the Receiving Party must destroy or return to the

Producing Party the Identified Materials within two business days, regardless of whether the Receiving Party agrees with the claim or privilege and/or protection. If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party shall promptly destroy said notes or other work product reflecting the contents of the Identified Materials.

c.     The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms, and any other location that stores the documents. The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter, including in depositions or at trial, unless the documents have been designated by a court as not privileged or protected.

d.     The contents of the Identified Materials shall not be disclosed to anyone. The Receiving Party must take reasonable steps to retrieve the Identified Materials if the Receiving Party disclosed the Identified Materials before being notified.

e.     Nothing in this Order limits or otherwise modifies an attorney's ethical responsibilities with respect to the review or disclosure of privileged information.

f.     The Party returning the Identified Materials may move the Court for an order compelling production of some or all of the Identified Material returned

or destroyed, but the basis for such motion may not be the fact or circumstances of the production.

g.     The disclosure of Identified Materials in this action is not a waiver of the attorney-client privilege, work product doctrine, or any other asserted privilege in any other federal or state proceeding, pursuant to Federal Rule of Evidence 502(d). The provisions of this Paragraph 24 constitute an order pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

25.     No provision of this Protective Order is intended to waive or limit in any way either Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent set forth herein.

26.     The production of Protected Documents by FCA US shall not constitute a waiver of any privilege or other claim or right of withholding or confidentiality that it may have. The terms of this Order do not preclude FCA US from providing Confidential Information and Protected Documents to the National Highway Traffic Safety Administration (NHTSA), either voluntarily or in connection with FCA US's obligations under the National Traffic and Motor Vehicle Safety Act of 1966 (Safety Act), 49 U.S.C. §§ 30101, *et seq*.

27.     This Protective Order may not be waived, modified, abandoned, or terminated, in whole or part, except by an instrument in writing signed by the Parties

or by order of the Court. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

28.     For purposes of this Protective Order, the "final determination of this Proceeding" shall be deemed to be the latter of (a) full settlement of all claims; (b) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, and reviews, if any, of this Proceeding (excluding any time period under which the court has supervision or oversight over any relief issued through a consent decree or any non-preliminary injunction issued by the court); or (c) the expiration of all time limits under federal law for the filing of or application for all appeals, rehearings, remands, trials, or reviews of this Proceeding, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law. Unless otherwise agreed or ordered, all provisions of this Order shall remain in effect and continue to be binding after the final determination of this Proceeding. This Court retains and shall have jurisdiction over the Parties and recipients of the Protected Documents for enforcement of the provisions of this Order following the final determination of this Proceeding.

29.     Within 30 calendar days of the final determination of this Proceeding, through commercially reasonable efforts, all Protected Documents, including all hard and electronic copies, derivations, and summaries thereof, shall be either (a) returned to the Producing Party or third party; or (b) destroyed or deleted, with a

written certification of such secure destruction or deletion provided to the Producing Party or third party. This includes the return or secure destruction or deletion of Protected Documents provided to any person, including independent experts. Protected Documents that may exist on any back up media must also be returned or destroyed or deleted within 30 calendar days of the final determination of this Proceeding. Notwithstanding this provision, Counsel of record are entitled to retain attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information; and one complete set of all documents filed with the Court including those filed under seal. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order. For the avoidance of doubt, such retention shall not include any Protected Document itself (*e.g.*, produced documents and/or data designated as Confidential).

30.    This Protective Order shall be binding upon the Parties hereto, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control and remain binding following final determination of this Proceeding.

31.     The Parties may, by written agreement, stipulate to modifications of this Order as needed.

32.     This Order shall not apply to information that was, is, or becomes public knowledge (not by way of a violation of this Protective Order) or the Receiving Party establishes was already in the Receiving Party's rightful and lawful possession at the time of the disclosure.

33.     Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

34.     This Protective Order shall not operate as an admission by any party that receives any document or information designated as Confidential Information that such document or information contains or reflects Confidential Information. This Protective Order shall operate unless superseded by an order of the Court.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 13, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 13, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

# ATTACHMENT A

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| BRIAN FISHER, ARIANNA RICO, ERIC LEE, JERRY VANDERBERG, RACHEL WALKOWICZ, DANIELLA LOPEZ-HALL, TENNYSON JAMES, STEPHEN EDGCOMBE, ADAM CARTABIANO, ROBERT COLE, JAMES BLYTH, and WILLIAM SMITH, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>FCA US LLC,<br><br>    Defendant. | Case No.: 23-cv-10426<br><br>District Judge Matthew F. Leitman<br><br>Magistrate Judge Elizabeth A. Stafford |

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, state:

1. I have read the Protective Order attached hereto in the above captioned action pending in the United States District Court for the Eastern District of Michigan, and I understand its terms and meanings. I agree to be bound by its terms with respect to any Protected Document that is sent to me as set forth in the Protective Order.

2.      I further agree that I will not disclose any Protected Documents to any person except as allowed by the terms of the Protective Order. I agree that any Protected Document or information provided to me will be used by me for the purposes of the Action only, and for no other purpose, and will not be used by me in any business affairs of my employer or of my own, nor will the information contained therein be imparted by me to any other person.

3.      Upon the final determination of this Proceeding, I shall promptly return, destroy or delete all Protected Documents provided to me as well as any notes or derivations thereof. I understand that my obligation to honor the confidentiality of such material will continue even after this Proceeding concludes.

4.      I agree that my signature below submits me to the jurisdiction of the United States District Court in the Eastern District of Michigan, in the above captioned case and binds me to the provisions of the Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

I state under penalty of perjury that the foregoing is true and correct.

Executed on _____, _____.


_____

[Printed Name]


_____

[Signature]